UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Catherine Aikens,<br><br>  Plaintiff,<br><br>v.<br><br>Credit Control, LLC<br><br>  Defendant. | Case No.<br><br><br>**CLASS ACTION COMPLAINT<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## **PARTIES**

1. Plaintiff is a natural person who resided in Chicago, Illinois at all times relevant to this action.

2. Plaintiff brings this lawsuit on behalf of herself and all other persons similarly situated under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

3. Credit Control, LLC, is a Missouri Corporation that maintained its principal place of business in Hazelwood, Missouri at all times relevant to this action.

## **JURISDICTION AND VENUE**

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

5. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## **STATEMENT OF FACTS**

6. At all times relevant to this action, Defendant collected consumer debts.

7. Defendant regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of Defendant's revenue is debt collection.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. As described, *infra*, Defendant contacted Plaintiff within this judicial district to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant sent Plaintiff a debt-collection letter. See Exhibit A.

14. This letter was confusing and violated the FDCPA.

15. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

16. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.)

17. Plaintiff sent a letter that threatened to report the alleged debt to a credit reporting agency if Plaintiff did not settle, when in fact it was already being reported.

18. Defendant also failed to disclose that interest was accruing and instead misrepresented that the Interest Balance was zero.

## CLASS ALLEGATIONS

19. Defendant sent this form collection letter to Plaintiff and other consumers.

20. This action is brought and may properly be maintained as a class action pursuant Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiff does not know the exact size of the class. Such information is in Defendant's possession due to the nature of the trade and business involved, and the fact that Defendant regularly represented and presently represents Kohl's with respect to hundreds if not thousands of debts.

21. Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including Plaintiff, including but not limited to whether Defendant's form collection letter sent to Plaintiff violated section 1692e of the FDCPA.

22. This case is brought on behalf of the following class: All persons, within twelve months prior to the date of filing of this action, resided in Illinois and received (1) a form collection letter similar to Plaintiff's collection letter dated January 5, 2017 and (2) those persons whose collection letters were sent but were not returned by the postal service as undelivered or undeliverable. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, any officers or directors of Defendant, the legal representative, heirs, successors, and assigns of Defendant, and any Judge assigned to this action, and his or her family.

## COUNT I

**Violation of the Fair Debt Collection Practices Act**

23. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22 above as if fully set forth herein.

24. The letter sent by Defendant to Plaintiff stated, "Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligation. This notice in no way affects any rights you may have."

25. The letter implies that payment will prevent Defendant from submitting a negative report to the credit bureaus.

26. In fact, Credit Control's client, Kohls, had already submitted a negative credit bureau report.

27. Credit Control made a false incentive to pay the alleged debt, which was intended to make the consumer afraid of negative effects on her credit report and rating, even though Kohl's was already reporting the alleged debt to the credit bureaus.

28. It is well recognized that reporting a debt to a credit bureau is, on one Court has stated, is "a powerful tool designed, in part, to wrench compliance with payment terms." See *Rivera v. Bank One*, 145 F.R.D. 614 (D. P.R. 1993).

29. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

30. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

31. Defendant used false, deceptive and misleading representations and unfair or unconscionable means in an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, when it implied that if Plaintiff made a payment, Credit Control would not report the alleged debt to the credit bureaus when, in fact, Credit Control was already reporting the alleged debt.

32. The statement that a delinquent account "may be reported" to a credit bureau when the account has in fact already been so reported is can mislead the unsophisticated consumer. *Johnson v. Enhanced Recovery Co., LLC*, No. 216CV00330PPSAPR, 2017 WL 168960, at *4 (N.D. Ind. Jan. 17, 2017).

## COUNT II

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31 above as if fully set forth herein.

34. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**. . . (2) The false representation of—**
**(A) the character, amount, or legal status of any debt; or**

35. Defendant violated 15 U.S.C. § 1692e(2) by disclosing the Interest Balance as zero and by failing to disclose that because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due may increase.

36. Kohl's was in fact increasing interest charges to the debt.

37. Defendant made a false representation about the character, amount, or legal status of the debt. See *Marucci v. Cawley & Bergmann, LLP*, 66 F. Supp. 3d 559, 567 (D. N.J. 2014)

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiff prays for the following relief:

   a. An order certifying a class;

   b. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k on a class and individual basis.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Langone, Batson & Lavery LLC

By:    /s/ Mark T. Lavery
One of Plaintiff's Attorneys

Date: April 21, 2017

Mark T. Lavery, Esq.
Langone, Batson & Lavery LLC
17 N. Wabash, Suite 500
Chicago, IL 60602
(312) 792-9533